No. 3740.—H. Ducote *v.* F. Bordelon et als.

The fact that the notary who took an inventory of a succession failed to cite the tutor to the minor heirs, is not a good ground for injoining the sale of the succession property to pay its debts.

APPEAL from the Parish Court, parish of Avoyelles. *S. R. Thorpe,* (attorney-at-law), judge ad hoc. *Edwards & Ducote,* for plaintiff. *Waddill & Barbin,* for defendants.

WYLY, J. The plaintiff, who for a time administered the succession of Eliza Rabalais in his capacity of tutor of her minor heirs, injoins the sale of the property of said succession provoked by the present administrator, F. Bordelon, to pay debts, on the ground that the appointment of the latter was not regular.

Ducote v. Bordelon et als.

*First*—Because legal notice of his application for the appointment was not given and made.

*Second*—Because the inventory was not legally made, the plaintiff, the tutor, not being cited to be present at its taking.

*Third*—Because a creditor in a fiduciary capacity can not demand the appointment of an administrator when the estate is being administered by the surviving husband as natural tutor. The court gave judgment for the plaintiff perpetuating the injunction, and the defendants have appealed.

Whenever it is necessary to protect their rights the creditors may demand the appointment of an administrator to manage the succession and when the application is pending for the appointment of an administrator, is the time for those claiming preference to assert their rights. The tutor who has been administering the estate can not defeat the right of the creditors to cause a regular administration of the estate to be opened. That the notary neglected to cite the tutor at the taking of the inventory, is no ground to injoin the sale of succession property to pay debts.

The notice of the application of the defendant, F. Bordelon, to be appointed administrator, we deem sufficient.

Let the judgment appealed from be annulled, and let the injunction herein be dissolved at plaintiff's costs in both courts.